# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 19-1431V
(not to be published)

---

KATHERINE D. WHAM,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

---

Chief Special Master Corcoran

Filed: July 30, 2021

Special Processing Unit (SPU);
Attorney's Fees and Costs; Hourly
Rate; Paralegal Time

---

*Patrick J. Sullivan, Sullivan Law Firm, LLC, Seattle, WA,* for Petitioner.

*Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 18, 2019, Katherine D. Wham filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barré Syndrome as a result of an influenza vaccine administered on November 5, 2018. (Petition at 1, 3). On February 26, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 33).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated May 17, 2021 (ECF No. 39), requesting a total award of $19,515.22 (representing $19,095.06 in fees and $420.16 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 40). Respondent reacted to the motion on May 21, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 41). On May 27, 2021, Petitioner filed her reply stating as there is no objection by Respondent that attorney fees should be awarded at the Special Master's discretion. (ECF No. 42).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

**ATTORNEY FEES**

    A.  Hourly Rates

Petitioner requests I endorse the following rates for attorney Patrick J. Sullivan: $250 per hour for time billed in 2019; $281.33 per hour for time billed in 2020; and $325 per hour for time billed in 2021. (ECF No. 39-1 at 7). Mr. Sullivan has been a licensed attorney since 2015, placing him in the range of attorneys with 4-7 years' experience for all time billed.[3] (ECF No. 39 at 2). The requested rate of $250 for 2019 is reasonable and shall be awarded.

However, the requested rates for 2020 and 2021 are excessive. As this is Mr. Sullivan's first case in the Program, he does not have demonstrated Vaccine Act experience. It is therefore improper for him to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates for Mr. Sullivan's time for 2020 to the rate of $265 per hour, and for 2021 to the rate of $285 per hour. This reduces the amount to be awarded in fees by **$652.87**.[4]

    B.  Paralegal Tasks at Attorney Rates

Fees to be awarded in this case must also be reduced to account for work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but <u>only</u> at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs*., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v.*

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This amount is calculated as follows: ($281.33 - $265 = $16.33 x 26.14 hrs = $426.87) + ($325 - $285 = $40 x 5.65 hrs = $226) = $652.87.

*Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Sullivan billed 4.51 hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records and filing documents. Examples of these (which are not an exhaustive list) include the following:

- May 29, 2019 "Reviewed email from Ms. Wham re medical providers (0.32); prepared releases for same (0.30); finalized releases (0.23); sent same to medical providers (0.01)";

- September 18, 2019 "Filed lawsuit and paid filing fee (0.17); reviewed and prepared documents for service (0.15);

- September 30, 2019 "filed Statement of Completion"; and

- January 22, 2021 "prepared supplemental exhibit list and filed same (0.17).

(ECF No. 39-1 at 1, 3 and 5).

I shall reduce Mr. Sullivan's rate for these tasks to $145 per hour, which is comparable to what a paralegal would receive. This further reduces the awardable attorney fees by **$508.70**.[5]

## ATTORNEY COSTS

Petitioner requests $420.16 in overall costs. (ECF No. 39-1 at 7). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I

---

[5] This amount consists of the already reduced rates as follows: ($250 - $145 = $105 x 2.86 hrs = $300.30) + ($265 - $145 = $120 x 1.13 = $135.60) + ($285 - $145 = $140 x 0.52 hrs = $72.80) = $508.70.

award a total of **$18,353.65** (representing $17,933.49 in fees and $420.16 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.